# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| Zayo Group, LLC, | § § | |
| Plaintiff, | § § | CASE NO. 21-cv-72 |
| v. | § § § | |
| Megacable Holdings S.A.B. de C.V. d/b/a Megacable Comunicaciones; Telefonia por Cable, S.A. de C.V. | § | |
| Defendant. | § § | Jury Demanded |

## PLAINTIFF'S COMPLAINT

Plaintiff Zayo Group, LLC ("Zayo") files this original Complaint against Defendants Megacable Holdings S.A.B. de C.V. d/b/a Megacable Comunicaciones ("Megacable"), and Telefonia por Cable, S.A. de C.V. ("Telefonia"), and respectfully shows the Court as follows:

### I.   Parties

1. Plaintiff Zayo is a Delaware limited liability company doing business in Texas.

2. Defendant Megacable is a Mexican corporation doing business in Texas. Megacable does not maintain an office in the State of Texas and has no registered agent in the State of Texas or the United States of America. Megacable's principal place of business is located at Corporativo Megacable, Avenida Lázaro Cárdenas Pte. 1694, Colonia Del Fresno, 44900 Guadalajara, Jal., Mexico.

3. Defendant Telefonia is a subsidiary of Megacable and is a Mexican corporation doing business in Texas. Telefonia does not maintain an office in the State of Texas and has no registered agent in the State of Texas or the United States of America. Its address is the same as

Megacable's address: Corporativo Megacable, Avenida Lázaro Cárdenas Pte. 1694, Colonia Del Fresno, 44900 Guadalajara, Jal., Mexico.

4. Both the United States of America and Mexico are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). Accordingly, Zayo will serve Megacable and Telefonia with the appropriate summons in accordance with the Hague Convention. A Request For Service Abroad of Judicial or Extrajudicial Documents along with a copy of this Complaint and Summons, together with a translation of each into Spanish, the official language of Mexico, will be sent to Mexico's Central Authority at:

> Ministry of Foreign Affairs
> Directorate-General of Legal Affairs
> Plaza Juárez No. 20, Planta Baja
> Col. Centro, Alcaldía Cuauhtémoc
> C.P. 06010 Ciudad de México
> Mexico

In accordance with the Hague Convention, Mexico's Central Authority will then transmit these materials to Megacable and Telefonia.

## II.   Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

6. Venue is proper under 28 U.S.C. § 1391(b)(3), because there is no other judicial district in which an action may otherwise be brought as provided in section 1391, and Megacable and Telefonia are subject to this Court's personal jurisdiction. Megacable and Telefonia have sufficient minimum contacts with this district and have purposefully availed themselves of services within this judicial district. Moreover, based on Megacable's and Telefonia's contacts with this district, personal jurisdiction is reasonable.

### III. Factual Background

7. On or about May 30, 2018, Zayo and Telefonia entered into a Master Services Agreement (the "MSA"). Paragraph 1.1 of the Agreement expressly incorporates any Service Schedules and Service Orders. Paragraph 1.2 of the MSA explains that Telefonia may request Zayo to provide a service pursuant to the MSA at any time by filling out a Service Order, which then is accepted by Zayo. Paragraph 1.2 of the MSA further provides that the terms of the MSA are incorporated into any such Service Order. Paragraph 1.1 of the MSA expressly incorporates any Service Schedules and Service Orders.

8. Zayo and Telefonia entered into an Ethernet/IP Service Schedule (the "Schedule") on May 30, 2018. Section 5.2 of the Schedule require Telefonia to "at its sole cost and expense, provide Zayo with access to all" its "locations for purposes of installation, maintenance, and repair of" Zayo's equipment.

9. The initial term of the MSA was five (5) years. Under Paragraph 3.1 of the MSA, the MSA would automatically renew for one-year periods thereafter.

10. Zayo and Telefonia subsequently entered into an additional Service Order 1265863 on January 22, 2019 ("Service Order 1265863"). As part of Service Order 1265863, Zayo was to provide 4x100G of IP to Megacable and Telefonia, requiring Zayo to build and connect fiber from Nogales, Arizona to Sonora, Mexico. Megacable and Telefonia was then to extend their fibers from this point to Megacable's Sonora POP, Point of Presence, and provide space, power and remote hands for Zayo's Dense Wave Division Multiplexing (DWDM) equipment.

11. The MSA, Service Schedule, and Service Order are collectively referred to herein as the "Agreement."

12. On September 16, 2020, Zayo emailed Megacable a Service Activation Notice regarding necessary steps by Megacable for the completion of services and reminding Megacable

and Telefonia of their obligations pursuant to the Schedule. Despite this letter and the Agreement, Megacable and Telefonia refused to allow Zayo to complete the installation of its services. Additionally, Megacable and Telefonia ceased paying Zayo for the work completed as required by the terms of the Agreement, despite receiving multiple invoices from Zayo.

13. On September 23, 2020, Megacable emailed Zayo a letter stating that it would not recognize a "Service Activation Date" until the parties renegotiated the terms of the Service Order 1265863. Zayo and Megacable proceeded to enter into conversations regarding the existing agreements between the parties and Megacable's allegations of deficiencies.

14. On February 22, 2021, Megacable delivered a letter to Zayo regarding what it believed to be unresolved issues, including an alleged different understanding of the "Remote Hands" agreement referenced in Service Order 1265863. Zayo continued to attempt to discuss these alleged issues with Megacable.

15. On March 5, 2021, Zayo notified Megacable and Telefonia that their account currently carries a past due balance of $372,453.22 for services rendered under the Agreement and that it considered Megacable and Telefonia in breach of the Agreement if this past due balance was not paid within five days of receipt of the notice, pursuant to the Agreement's terms. These balances have not been paid to date.

16. On March 5, 2021, Megacable provided notice of termination of the Service Order 1265863. Megacable and Telefonia remain in breach of contract and has failed to cure its breach.

## IV.   Breach of Contract

17. Zayo incorporates by reference the allegations contained in the foregoing paragraphs.

18. Megacable and Telefonia's actions as described above constitute a material breach of the Agreement.

19. Specifically, Megacable and Telefonia breached the Agreement, including but not limited to Section 5.1 of the Schedule, by failing to allow Zayo to enter its facility to complete the installation related to Service Order 1265863. Moreover, Megacable and Telefonia breached the Agreement, including but not limited to Sections 2.2 and 2.3 of the MSA and Section 3 of Service Order 1265863, by failing and refusing to pay Zayo for services already rendered by Zayo under the Agreement when due.

20. As a result of Megacable and Telefonia's breaches and termination of Service Order 1265863, Megacable and Telefonia are obligated to pay Zayo early termination fees. Due to Megacable and Tefonia's unreasonable delays and lack of cooperation as required by the agreements to complete the install, Zayo will proceed to treat Service Order 1265863 as completed and Megacable and Telefonia are obligated to pay any related fees as if the project were completed per the terms of the agreements.

21. As a proximate result of the aforementioned breaches by Megacable and Telefonia, Zayo has been damaged in an amount in excess of the minimum jurisdictional limits of the Court, for which Zayo now sues.

## V. Attorney's Fees

22. Zayo incorporates by reference the allegations contained in the foregoing paragraphs.

23. Zayo has found it necessary to employ the services of the undersigned attorneys to represent it and has agreed to pay reasonable fees and expenses incurred in prosecuting this matter. Zayo seeks recovery of its attorney fees and costs incurred in prosecution of this matter against Megacable and Telefonia under Paragraph 10.3 of the Agreement, Section 38.001 of the Texas Civil Practice and Remedies Code, and under any other applicable provisions at law or equity, for which it now sues.

## VI.    Conditions Precedent

24. All conditions precedent to Zayo's recovery have been performed or have occurred.

## VII.    Prayer for Relief

25. Zayo prays that on final hearing it has judgment against Megacable and Telefonia for the following:

(1) Actual damages in an amount in excess of the minimum jurisdictional limits of the Court;

(2) Reasonable and necessary attorney fees;

(3) Pre-judgment interest at the contract rate of 12% per annum or at the highest rate allowed by law;

(4) Post-judgment interest at the rate of 5% per annum or at the highest rate allowed by law;

(5) The award of all costs;

(6) All further relief to which it may be justly entitled.

Dated: March 22, 2021

Respectfully submitted,

/s/ *Kathleen Pritchard*

Kathleen Pritchard
State Bar No. 24098285
kathleen.pritchard@dgslaw.com
Tess Hand-Bender (Pro Hac Vice Admission Pending)
tess.handbender@dgslaw.com
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:   303.892.9400
Facsimile:   303.893.1379

*Attorney for Plaintiff Zayo Group, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of March, 2021, I electronically filed the foregoing with the Clerk of Court using the Court's electronic filing system. To complete service on Defendants Megacable Holdings S.A.B. de C.V. d/b/a Megacable Comunicaciones and Telefonia por Cable, S.A. de C.V., a copy of the foregoing was sent via Federal Express mail to the following addresses:

1. Ministry of Foreign Affairs
   Directorate-General of Legal Affairs
   Plaza Juárez No. 20, Planta Baja
   Col. Centro, Alcaldía Cuauhtémoc
   C.P. 06010 Ciudad de México
   Mexico

2. Hector Javier Villa Montanez
   Megacable Holdings S.A.B. de C.V.
   Av. Lazaro Cardenas 1694 Col del Fresno
   Guadalajara, 44900
   Mexico

                                                    /s/ Kathleen Pritchard